**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6472

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK SMITH, a/k/a Pee,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:18-cr-00017-ELH-1)

Submitted:  November 13, 2023                          Decided:  April 12, 2024

Before RICHARDSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Patrick Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Smith appeals the district court's orders denying his motion for a new trial and denying as moot his third motion for compassionate release. We affirm the court's order denying a new trial and vacate the order denying compassionate release and remand for further proceedings.

In a criminal proceeding, a motion for a new trial is governed by Fed. R. Crim P. 33. We review for abuse of discretion the district court's denial of a Rule 33 motion for a new trial. *United States v. Moore*, 709 F.3d 287, 292 (4th Cir. 2013). As noted by the district court, Smith was ineligible for a new trial because he had pleaded guilty pursuant to a plea agreement. "By its express terms, Rule 33 is confined to those situations in which a trial has been had." *United States v. Graciani,* 61 F.3d 70, 78 (1st Cir. 1995); *see also United States v. Spaulding*, 802 F.3d 1110, 1125 n.20 (10th Cir. 2015) (noting that Rule 33 does not apply to convictions obtained by guilty plea). We conclude that the court did not abuse its discretion in denying Smith's motion for a new trial.

Smith filed three motions for compassionate release. The district court denied the first two motions, finding that Smith's health issues qualified as extraordinary and compelling reasons for early release, but denying the motions because the 18 U.S.C. § 3553(a) sentencing factors warranted against Smith's release. Smith's third motion for compassionate release, in which he requested that his sentence be reduced to time served, appeared to show the Smith's health was declining. In particular, Smith asserted that he suffered kidney failure. Smith also noted that his fiancé had passed away, leaving no one to care for her two adopted children. And Smith claimed he was rehabilitated. While the

2

motion was pending with the district court, Smith was released by the Bureau of Prisons to home confinement under the CARES Act. *See* 18 U.S.C. § 3624(c)(2). The district court concluded that Smith's motion was moot because he had been released to home confinement.

"A sentencing court may not, as a general matter, 'modify a term of imprisonment once it has been imposed.'" *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). "But a district court may reduce a sentence through a motion for compassionate release." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir.) (citing 18 U.S.C. § 3582(c)(1)(A)), *cert. denied*, 143 S. Ct. 2596 (2023). We review a district court's denial of a compassionate release motion for abuse of discretion. *United States v. Malone*, 57 F.4th 167, 172 (4th Cir. 2023). "[A] district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Hargrove*, 30 F.4th at 195 (internal quotation marks omitted).

A district court's decision whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) generally entails three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court must determine whether the defendant demonstrates extraordinary and compelling reasons justifying relief. 18 U.S.C. § 3582(c)(1)(A)(i); *see High*, 997 F.3d at 185-86. Second, a court may grant a reduction only if it is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Third, even if a court finds extraordinary and compelling reasons for compassionate release, it retains the discretion to deny the motion after balancing the

3

applicable § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A). "[A] district court must consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to grant a motion for compassionate release under § 3582(c)(1)(A)(i)." *United States v. Mangarella*, 57 F.4th 197, 203 (4th Cir. 2023).

In his motion for compassionate release, Smith requested that his sentence be reduced to time served. Even though Smith was transferred to home confinement, he is still serving his sentence and remains in the custody of the Bureau of Prisons. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Pursuant to § 3582(c)(1)(A), the district court has discretion to reduce Smith's sentence—even to time served—and to order Smith's immediate release. Because it is possible for the district court to grant Smith effectual relief under § 3582(c)(1)(A)(i) by reducing his prison sentence or releasing him from the custody of the Bureau of Prisons, his motion for compassionate release was not rendered moot by his release to home confinement.

Accordingly, we affirm the district court's order denying Smith's motion for a new trial, but vacate the order denying compassionate release as moot and remand for further proceedings. We express no opinion on the merits of Smith's motion for compassionate release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

4